## Boinski v. Penman.

*Statute of limitations — Malpractice — Dentist—Fraud—Act of June 24, 1895, P. L. 236.*

An action for malpractice in treating teeth, brought more than two years after the acts complained of, is barred by the statute of limitations, where no fraud or concealment is alleged.

Statutory demurrer. C. P. Erie Co., Sept. T., 1925, No. 509.

*Francis T. Nagorski*, for plaintiff.

*Gunnison, Fish, Gifford & Chapin*, for defendant.

ROSSITER, P. J., Sept. 9, 1926.—Plaintiff brought an action against the defendant for malpractice. He alleges in his statement that in October, November and December, 1921, the defendant, Dr. R. M. Penman, treated and filled several of plaintiff's teeth; that he did it so negligently and carelessly that drills were broken and parts thereof remained imbedded in the plaintiff's teeth. This caused the teeth to become infected, and produced a poisonous condition of plaintiff's entire system; and that by reason thereof he was compelled to have seven teeth extracted and his eyes treated, the optic nerve of both having been afflicted by reason thereof, and that he has been unable to perform the duties of his work from the latter part of January, 1922, until the present time.

To this statement the defendant files an affidavit of defence in the nature of a demurrer, setting forth the wrongs done to the plaintiff were not within two years before the writ issued, and are, therefore, barred by the provisions of the Act of June 24, 1895, P. L. 236. That act provides that "every suit hereafter brought to recover damages for injuries wrongfully done to a person, in a case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards."

The contention of the defendant, therefore, is that this action is barred by the statute of limitation. The contention of the plaintiff is that the statute was tolled by the fraud of the defendant, and in his brief he sets forth that it was not until 1925 that X-rays disclosed the broken drills as the cause of plaintiff's condition, and cites Smith v. Blachley, 198 Pa. 173, to the effect that, as a general rule, statutes of limitation run from the act complained of in the case of tort, but [the rule] admits of a well-settled exception in the case of fraud. The trouble with the plaintiff's position is that there is no allegation in the statement of claim that there was any fraud or concealment by fraud of the con-

dition that was created in 1921, which resulted in the injuries commencing January, 1922. The statement is to the effect that the last work was done by the defendant in December, 1921, and that the ill-effects resulted in January, 1922, or the following month, and yet this action is not brought until September Term, 1925, more than three years afterward, and there is no allegation that the defendant did, and it is difficult to understand how he could, conceal the condition by fraud. As far as contention in the brief of the plaintiff goes, it is to the effect that plaintiff did not disclose the condition, not that he concealed it or misrepresented it. Undoubtedly, if a defendant fraudulently conceals the perpetration of a tort, such concealment tolls the statute; but here there is no such allegation, and, therefore, in our opinion, the demurrer should be and it is now, Sept. 9, 1926, sustained.

From Otto Herbst, Erie, Pa.